

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Ralph L. Buell, Chief
Certificate of Title Section
Department of Public Safety
Austin, Texas

Dear Sir:

Opinion No. 0-2100
Re: Issuance of Certificate of
Title to Kittrell Auto Com-
pany on the motor vehicle it
purchased from city of Dallas.

We are in receipt of your letter of March 18, 1940, in which you request an opinion of this Department as to the proper action to be taken on the application for Certificate of Title of the Kittrell Auto Company on the motor vehicle it purchased from the city of Dallas.

You have enclosed in your letter the complete file of correspondence in this case. The facts as we have them before us show that on June 8, 1939, the motor vehicle in question was stolen from an individual named W. A. Jackson, who was the owner of the same. Jackson reported the theft to the city police and also to the county authorities of Dallas County. Some time later the Standard Insurance Company of New York paid Mr. Jackson for his loss and the insurance company became the owner of any salvage by virtue of the policy of insurance, which covered the motor vehicle. After the car was stolen the same was picked up by the Dallas Police Department and was held by said Department for several months in the city pound.

On February 3, 1940, Kittrell Auto Company purchased the motor vehicle from the city of Dallas. On February 5, 1940, the Standard Insurance Company of New York notified the city of Dallas of its claim to the motor vehicle in question. On the 7th of February James W. Aston, city manager of Dallas, executed a bill of sale to the Kittrell Auto Company.

On March 7, 1940, the following order was entered by the City Council of the city of Dallas:

Hon. Ralph L. Buell, Chief, page 2

"Claim of Standard Insurance Company of
New York, through George W. Hanway, for the
return of a 1934 Ford Tudor Sedan sold by the
City at public auction on February 3, 1940,
was reported upon by the City Manager, and it
was moved, seconded and carried that the claim
be denied."

All the above information has been furnished your
department. You have also been furnished with an affidavit
signed by Mr. Jackson, to the effect that at no time did he
ever have notice of the car having been recovered by the
City of Dallas, nor has he ever been asked for the payment
of any storage charges against the car. Mr. Jackson further
states that he reported the theft to the City Police and
also to the county authorities.

The application for Certificate of Title is evidently made by the Kittrell Auto Company under the authority
of Section 35 of Article 1436-1 of Vernon's Annotated Penal
Code, commonly called "The Certificate of Title Act". Said
Section reads as follows:

"Section 35. Whenever the ownership of a
motor vehicle registered or licensed within
this State is transferred by operation of law,
as upon inheritance, devise or bequest, bankruptcy, receivership, judicial sale, or any
other involuntary divesture of ownership, the
Department shall issue a new certificate of
title upon being provided with certified copy
of the probate proceedings, if any (if no administration is necessary, then upon affidavit
showing such fact and all of the heirs at law
and specification by the heirs as to in whose
name the certificate shall issue), or order, or
bill of sale from the officer making the judicial sale, except however, that where foreclosure is had under the terms of a lien, the affidavit of the person, firm, association, or
corporation or authorized agent, of the fact of
repossession and divestiture of title in accordance with the terms of the lien, shall be sufficient to authorize the issuance of a new certificate of title in the name of the purchaser at
such sale, and except further that in the case
of the foreclosure of any Constitutional or
Statutory lien, the affidavit of the holder of
such lien, or if a corporation, its agent, of
the fact of the creation of such lien and the

Hon. Ralph L. Buell, Chief, page 3

> divestiture of title by reason thereof in
> accordance with law, shall be sufficient to
> authorize the issuance of a new certificate
> of title in the name of the purchaser."

It may be readily seen that your Department does not have sufficient information to determine that legal title has been divested by operation of law or otherwise. The Kittrell Auto Company stands in the shoes of the City of Dallas as far as its right to the motor vehicle is concerned. We do not have any information as to the type of statutory lien the City of Dallas attempted to foreclose. Even if the City had a valid statutory lien that was subject to foreclosure, evidence of which we do not have before us, it would still be necessary for the City of Dallas to furnish the affidavit provided for in Section 35, supra. The authority of your Department in such a case is outlined by Section 38 of the Certificate of Title Act, which reads as follows:

> "Section 38. The Department shall re-
> fuse issuance of a certificate of title, or
> having issued a certificate of title, suspend
> or revoke the same, upon any of the following
> grounds:

> "(a) That the application contains any
> false or fraudulent statement, or that the appli-
> cant has failed to furnish required information
> requested by the Department, or that the appli-
> cant is not entitled to the issuance of a certi-
> ficate of title under this Act.

> "(b) That the Department has reasonable
> ground to believe that the vehicle is a stolen
> or converted vehicle as herein defined, or that
> the issuance of a certificate of title would
> constitute a fraud against the rightful owner
> or a mortgagee.

> "(c) That the registration of the vehicle
> stands suspended or revoked.

> "(d) That the required fee has not been paid."

It is the opinion of this Department, therefore, that the proper procedure is for you to refuse issuance of a Certificate of Title on the ground that your Department

Hon. Ralph L. Buell, Chief, page 4


has failed to receive the information necessary to satisfy you that a Certificate of Title should be issued to the Kittrell Auto Company on the motor vehicle in question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Billy Goldberg*

Billy Goldberg
Assistant

BG:BBB


APPROVEDAPR 1, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY